■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUDOLPH BRUCE, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered October 7, 1976, convicting defendant upon his plea of guilty of the crime of unauthorized use of a motor vehicle, a class A misdemeanor, and sentencing him to a term of imprisonment of one year in the Tompkins County jail. Following the theft of a Ski-Doo snowmobile, a joyride around the City of Ithaca, a police chase and ultimate apprehension by the police, this 17-year-old defendant and another were indicted by the Grand Jury of Tompkins County for criminal possession of stolen property (Penal Law, § 165.45, subd 1) and criminal mischief in the fourth degree (Penal Law, § 145.00). Subsequently, this defendant was permitted to plead guilty to unauthorized use of a motor vehicle, a class A misdemeanor, in full satisfaction of both counts of the indictment. After denying youthful offender treatment at the time of sentencing, the court adjudged that the defendant be confined to the Tompkins County jail for a period of one year. On appeal, the defendant contends that the court abused its discretion in denying him youthful offender status; that the sentence was unduly harsh and excessive and that he was deprived of the effective assistance of counsel at his sentencing. These contentions are without both reason and merit. The granting of or the denial of youthful offender status, in most instances, is left to the sound discretion of the court (CPL 720.20, subd 1). After examination of the presentence investigation report and after interview with its maker, the court denied youthful offender treatment and properly so. The defendant had a record of several arrests and two convictions. In addition, after having previously been granted youthful offender treatment, he completely failed to co-operate with authorities and exhibited a generally hostile attitude toward society. Hence, the court very properly denied youthful offender status. Likewise, defendant's past conduct, including his refusal to co-operate with authorities, mandated substantial punishment so, clearly, there was no abuse of discretion in the sentence imposed *(People v Dittmar,* 41 AD2d 788). As to the defendant's final assertion that he was inadequately represented by counsel, it is well established that the courts will not intervene unless the representation is so ineffective as to make the proceeding a mockery of justice *(People v Brown,* 7 NY2d 359, cert den 365 US 821; *People v .Smith,* 31 AD2d 847, 848; *People v Rossi,* 28 AD2d 619, affd 21 NY2d 777). Here, the record reveals that the defendant expressly consented to the substitution for his regularly assigned counsel at the sentencing

proceedings and that substitute counsel was very familiar with the case and carried out his responsibility in an efficient and workmanlike manner and without cause for complaint. Judgment affirmed. Koreman, P. J., Greenblott, Kane, Mahoney and Main, JJ., concur.