■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK L. WILLIAMS, Appellant.—Appeal by defendant from a judgment of the County Court, Suffolk County, rendered November 26, 1979, convicting him of burglary in the third degree, upon a plea of guilty, and sentencing him to a term of one year of imprisonment in the Suffolk County Jail. The appeal brings up for review the denial of defendant's application for youthful offender treatment. Judgment affirmed. The indictment herein charged the defendant with three counts of burglary in the third degree. It was alleged that in March, 1979, defendant, then 18 years old, burglarized three residences in Huntington, New York. The record discloses that in January, 1977, the defendant was convicted for petit larceny upon which he was granted an adjournment in contemplation of dismissal. Thereafter, in November, 1977, he was accorded youthful offender treatment and placed on probation for three years following a conviction upon his plea of guilty to petit larceny upon an amended indictment originally charging him with robbery in the third degree. While on probation he failed to co-operate with his probation officer and absconded in mid-1978. The defendant has committed acts of violence evincing a hostility to others and has demonstrated an unwillingness to correct his attitude toward society by abiding by the conditions of probation. Since the youthful offender treatment accorded the defendant following his conviction in 1977 was for petit larceny, a misdemeanor and not a felony, he was not precluded from eligibility for youthful offender treatment upon the instant conviction by virtue of CPL 720.10 (subd 2, par [b]). However, eligibility alone does not mandate youthful offender treatment. The granting of such benefit lies wholly within the discretion of the court *(People v Santiago,* 51 AD2d 1, revd on other grounds

40 NY2d 990), and upon the present record we do not find any basis for finding that the court abused its discretion in denying youthful offender treatment (see *People v Bruce,* 57 AD2d 1024), or for disturbing the sentence imposed. Gibbons, J. P., Gulotta, Margett and Martuscello, JJ., concur.