■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE JONES, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered June 6, 1979, upon a verdict convicting defendant of the crimes of sodomy in the first degree and endangering the welfare of a child. Defendant urges several grounds for reversing his conviction, only one of which requires discussion. Early in April of 1979, defendant's attorney, an Assistant Public Defender, appeared before the court and indicated that he would need time to prepare the case for trial. The case was set down for trial on April 16, 1979. On

April 8, defense counsel was directed to appear before the court the following day to commence trial. Upon appearing in court on April 9, defense counsel pointed out that the case had been set down for April 16 and requested an adjournment until that date in order to confer with the defendant and prepare a defense. After noting that all of the other scheduled matters had been adjourned and that the jury was present with nothing to do, the court denied defense counsel's request and directed both sides to proceed with the selection of the jury. Defendant was found guilty of two charges following a four-day trial and this appeal ensued. In our view, the trial court did not abuse its discretion when it ordered the defendant's trial to begin on April 9 even though at the commencement of the April term the trial had been scheduled for April 16. In juggling trial dates to accommodate the parties and their attorneys, scheduling is at best difficult and tentative trial dates can hardly be considered a contract under seal. Each situation must be considered separately to determine if the court's decision as to the scheduling of a trial was a sound exercise of discretion. When the facts in this situation are examined, there can be no doubt that the trial court's decision was fair ·and reasonable. Due to the disposition of other matters more quickly than anticipated, a hiatus occurred on April 9 in the courtroom proceedings calendared for the April term. The Public Defender had a month before that term to prepare the case for trial. The case was one of the oldest on the calendar. While the jury selection began on April 9, the trial did not actually commence until Wednesday, April 11—a period of two days that could have been used by the defense for preparation. When the prosecution's case concluded on Thursday, April 12, the court gave the defense until Monday, April 16, to present its case. Most importantly, however, the defendant has made no showing either here or before the trial court that the advanced trial date deprived him of a single witness, or of any favorable testimony, or affected his conviction in any way. The defendant attempted no defense and offered no proof. He was content to rely on the cross-examination of the witnesses of the prosecution. If, as the defendant claims, the trial court abused its discretion, at the very least he should be required to show how he was prejudiced by that ruling. The other points raised by the defendant are completely lacking in any merit, and the ·judgment of conviction should be affirmed. Judgment affirmed. Greenblott and Casey, JJ., concur; Kane, J., concurs in a separate memorandum in which Greenblott, J., concurs; Mahoney, P. J., and Sweeney, J., dissent and vote to reverse in a memorandum by Mahoney, P. J.

Kane, J. (concurring). The record contains many indications that defendant had been represented by other attorneys in the preparation of his defense to the instant charges before the Public Defender was assigned and that they had conducted pretrial motion and discovery proceedings on his behalf. Although the precise nature and extent of such efforts have not been detailed, we are unable to conclude that defendant has shown it was an abuse of discretion on the part of ·the trial court to advance the date of his trial.

Mahoney, P. J. (dissenting). The majority's view that April 16, 1979 was a "tentative" trial date is unsupported in the record. The date was fixed as a "day certain" by the court after discussion with the Assistant Public Defender persuaded the court in early April that a minimal

amount of additional time was needed to adequately prepare the case for trial. Such a determination hardly comports with the view of the majority that the trial court was justified in advancing the trial date one week because "The case was one of the oldest on the calendar". Seven additional days to prepare for trial on grievous criminal charges could have been critical to a busy Assistant Public Defender, particularly when such time had been judicially granted, without significantly contributing to the age of "the oldest case on the calendar". Next, time between jury selection and commencement of trial as well as the weekend after the People rested is negligible in terms of time for trial preparation during an ongoing criminal trial. Lastly, the advancement of the trial date of a serious criminal matter on the ground that the court and jury had nothing to do, while perhaps accurate and even pragmatic in terms of budgetary economics, is, nevertheless, groundless in the absence of any cogent reason for such haste (see *People v Green,* 19 AD2d 749). Certainly, the absence of reason or purpose for the abrupt trial advancement did not place any burden on the defendant to prove prejudice. Such substantive disadvantage inheres in the decision below. It was an abuse of the trial court's discretion to refuse the adjournment requested by defense counsel. The judgment should be reversed and a new trial ordered.