■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNIE N. ELLIS, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered September 15, 1980, convicting defendant upon his plea of guilty of the crime of attempted sodomy in the first degree. Albany police officers went to defendant's place of employment and asked him to accompany them to the police station for questioning. He voluntarily went with them and *Miranda* warnings were given to him. When the officers told him they were investigating a complaint by his wife about his sexual conduct with his four-year-old stepdaughter, defendant readily admitted performing deviate acts involving both his and the child's genitalia. Upon this admission, he was placed under arrest and thereafter signed a written confession. He was indicted by the Grand Jury and charged with three counts of sodomy in the first degree, and one count of sexual abuse in the first degree. The court denied a motion to suppress defendant's inculpatory statement made to the arresting officers. Pursuant to plea bargain negotiations, he pleaded guilty to the reduced charge of attempted sodomy, first degree, in full satisfaction of all charges, and was sentenced to from 5 to 15 years' imprisonment. Defendant offers five grounds for reversal upon this appeal, emphasizing that there was a lack of probable cause for his arrest and that his oral and written statements should have been suppressed as they were made in the absence of counsel. An arrest may be made only where it appears reasonably likely that a crime was committed and that the defendant committed it (CPL 140.10, subd 1, par [b]; 70.10, subd 2). The evidence need not rise to the level sufficient to support a conviction *(People v Miner,* 42 NY2d 937), or even sufficient to establish a prima facie case *(People v Rivera,* 67 AD2d 867). In the instant matter, the police, acting upon a complaint by the infant victim's mother, who was also defendant's wife, commenced the investigation by interviewing defendant. They had a right to believe that her information was reliable. Only *after* his admission of the acts described, was defendant arrested. We find that this factual situation provided probable cause for the arrest *(People v Rivera, supra).* We reject defendant's argument that his oral statement to the police officers was made in violation of his constitutional rights. There is no proof that defendant was in custody before he confessed. The distinction between police investigation and custodial interrogation is well recognized. A policeman's right to request information while discharging his law enforcement duties hinges on the manner and intensity of the interference with defendant's right to privacy, the gravity of the crime, and the circumstances surrounding the encounter *(People v De Bour,* 40 NY2d 210, 219). An interview at a police station does not necessarily mean that one is in custody *(People v Newson,* 68 AD2d 377; *United States v Bird,* 293 F Supp 1265). There is no indication that defendant was coerced into accompanying the police to the station, or that he was not free to leave. The indelible right to counsel attaches only when the accusatory process has commenced *(People v Samuels,* 49 NY2d 218; *People v Cunningham,* 49 NY2d 203). The suppression court found, after a full evidentiary hearing, that defendant was given *Miranda* warnings and, when told of the accusation by his wife, readily admitted commission of the acts. It was thereafter that he was placed under arrest. These factual findings, being supported by the record, should not be disturbed by the substitution of this court's judgment for that of the suppression court *(People v Broome,* 78 AD2d 718, 719; *People v Phillips,* 54 AD2d 783). Defendant's contention that he received inadequate legal representation is unsupported *(People v Aiken,* 45 NY2d 394; *People v Baldi,* 76 AD2d 259). His remaining contentions are also

without merit. Judgment affirmed. Mahoney, P. J., Sweeney, Casey, Weiss and Herlihy, JJ., concur.