■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES A. YANUS, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered July 2, 1981, upon a verdict convicting defendant of the crime of rape in the third degree. As a result of an incident which occurred at approximately 12:00 P.M. on February 11, 1981 at 553 Joslin Apartments in the City of Watervliet, County of Albany, wherein defendant, *inter alia,* allegedly engaged in sexual intercourse with a 15-year-old girl while using forcible compulsion, defendant was indicted on one count of rape in the first degree, a class B felony (Penal Law, § 130.35, subd 1), one count of sexual abuse in the first degree, a class D felony (Penal Law, § 130.65, subd 1), and one count of rape in the third degree, a class E felony (Penal Law, § 130.25, subd 2). There followed a suppression hearing after which defendant's motion to suppress certain oral and written statements which he had given to the

police was denied, and defendant was then tried before a jury which acquitted him of the first two counts of the indictment but found him guilty of the third count, rape in the third degree. On July 2, 1981, defendant was sentenced to an indeterminate term of imprisonment of one and one-third to four years on this latter charge, and the instant appeal ensued. We hold that the challenged judgment should be affirmed and, in so ruling, find without merit defendant's assertion that his statements to the police should have been suppressed. Examination of the record in this case reveals evidence indicating that defendant voluntarily accompanied a police officer to headquarters and, after being given *Miranda* warnings, gave the police inculpatory statements as to his sexual activity with the 15-year-old daughter of the woman with whom he was living. The basis for the police request to talk with defendant was provided by a sworn statement given by the young girl in question to the child protective agency wherein she detailed defendant's sexual acts with her, and by a telephone conversation concerning the matter between Sergeant Armstrong of the Watervliet Police Department and Mary Caufield of the child protective agency. Given this situation, the trial court could justifiably conclude that the questioning by the police of defendant prior to his giving the inculpatory statements was investigatory rather than custodial in nature and constituted a proper discharge by the police of their duty to investigate the alleged incident which had been brought to their attention. Moreover, once the inculpatory statements were made by defendant, the police clearly had probable cause to arrest him and proceeded to do so. Under all these circumstances, the court's ruling that defendant's statements were given freely and voluntarily and that defendant's constitutional rights were not violated during the investigation was plainly warranted, and, therefore, its denial of defendant's suppression motion should be sustained (cf. *People v Ellis,* 83 AD2d 652). In so ruling, we also find unpersuasive defendant's contention that his statements were obtained in violation of the principle established in *People v Samuels* (49 NY2d 218). While the Court of Appeals held in that case that a defendant's right to counsel attaches at the time of the filing of an accusatory instrument or even earlier if there has been significant judicial activity, the present situation is readily distinguishable from that case b•cause here there had been no judicial activity and defendant had been given *Miranda* warnings and voluntarily submitted to the police questioning before the inculpatory statements were made (see *People v Ellis, supra*). Additionally, there is no meaningful support in the record for defendant's further assertion that the police intentionally delayed filing an accusatory instrument so that they could interrogate him without violating the rule of *People v Samuels (supra).* Judgment affirmed. Sweeney, J. P., Kane, Main, Mikoll and Weiss, JJ., concur.