■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY E. BROOKS, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered April 7, 1981, upon a verdict convicting defendant of the crime of burglary in the third degree. Defendant was charged in a two-count indictment with arson and burglary, both in the third degree, following his alleged unlawful entry into W. T. La Rose, the premises of his former employer, at approximately 1:20 A.M. on June 6, 1980. He allegedly entered the building and started a fire by intentionally knocking down and igniting several containers of highly flammable varnish and oxygen bottles, after removing $200 from a petty cash box. On this same morning, at approximately 1:45 A.M., defendant was arrested by Troy police officers on unrelated charges. During the fire investigation, Cohoes police officers learned of defendant's arrest and that he was wearing boots, the bottoms of which corresponded to bootprints found at the fire scene. At approximately 9:00 A.M., a Cohoes police detective interviewed defendant in Troy and compared defendant's boots with the bootprints found at the fire scene and noted they "looked identical to me". Defendant flatly denied any knowledge concerning the fire, and insisted he had not been in the building since his employment was terminated. Following denial of defendant's pretrial motion to suppress the boots, he was convicted of burglary in the third degree, but acquitted on the arson charge, and sentenced to three and one-half to seven years in prison. On this appeal, defendant maintains that the evidence produced at trial was legally insufficient to support the conviction. In the absence of eyewitnesses, identity was established entirely upon circumstantial evidence. To sustain a conviction based exclusively upon circumstantial evidence, "the hypothesis of guilt should flow naturally from the facts proved, and be consistent with them, and that the facts proved must exclude to a moral certainty every reasonable hypothesis of innocence" (*People v Lagana,* 36 NY2d 71, 74). The People principally relied upon the following five items of evidence: (1) the comparison of bootprints found on three pieces of paper at the fire scene with defendant's boots; (2) the results of gas chromatographic tests which revealed that defendant's boots contained the same accelerants as several samples taken from the floor at the fire scene; (3) defendant's knowledge of the location of the petty cash box from which $200 was taken; (4) an allegedly incriminating comment made by defendant to a former fellow employee; and (5) the presence of a speckled substance in the hair of defendant at the time he was arrested. Initially, we hold that the evidence concerning the similarity of the bootprints found at the crime scene with defendant's boots was a proper subject for expert opinion and was correctly received on the issue of identity (see *People v MacDonald,* 61 AD2d 1081, 1082; 1 Wharton's Criminal Evidence, § 193, pp 394-397). However, mere correspondence between the prints and defendant's boots was insufficient to prove identity. Where bootprints at the scene of a crime are utilized to establish the perpetrator's identity, the prosecutor is required to produce evidence tending to reasonably exclude the hypothesis that the prints were impressed other than at the time of the crime (*People v Henderson,* 53 AD2d 984, 987; *People v Jones,* 257 App Div 5). In other words, a showing must be made by either direct or circumstantial evidence that the bootprints were made during the entry on June 6, 1980 (see *Borum v United States,* 380 F2d 595, 596; *People v Jacob,* 55 AD2d 961). The prosecution's expert established a correspondence between defendant's boots and the prints but conceded that no test was, or could be made to ascertain *when* the bootprints were made.

Similarly, while the chromatographic tests were positive, the expert did not know when the compounds on defendant's boots became present, nor how long they had been there. Further, defendant emphasizes that he was employed at La Rose from December 28, 1978 until December 11, 1979, and that it can reasonably be hypothesized the prints were made during that period. We disagree. It is not disputed that during his employment defendant had access to the business office where the prints were found (cf. *People v Dennison,* 94 Misc 2d 26, 29-31, revd on other grounds 65 AD2d 801). Nonetheless, the People pointedly argue that during the six-month period between defendant's last day of employment and June 6, 1980, the building floors were routinely cleaned, thus eliminating the possibility the prints were made other than during commission of the crime. Common sense supports this argument. The supervisor testified that the building was cleaned on a reasonable basis and noted that there was a full-time janitor and a part-time person for cleaning purposes. More directly, the treasurer, in whose office the bootprints were found, stated that his office was clear of debris when he left work the evening of June 5, 1980, except for a few shreds from the mailing machine. After the break-in, drawers were overturned and papers strewn about all over the floor, creating the inference that the bootprints were made thereafter. In our view, the contention that defendant's prints were made during his employment six months earlier constitutes far too remote a possibility to be a reasonable hypothesis of innocence. By his own admission, defendant had not been in the La Rose building since December, 1979. We find that the evidence in its entirety was sufficient to enable the jury to reasonably conclude that the bootprints were impressed during the commission of the crime. The remaining factors listed above — defendant's knowledge of the cash box, his comment to a former coemployee that "W.T. La Rose would be sorry that they ever fired him", and the speckled substance in defendant's hair which Detective Connolly noted was in his own hair after being at the fire scene — while not sufficient evidence in themselves to establish identity, are cumulatively consistent with the bootprint evidence and thus provided additional support for the jury's determination. From all the evidence, which must be viewed in the light most favorable to the People since they have prevailed at the trial (*People v Kennedy,* 47 NY2d 196, 203), the jury could have found beyond a reasonable doubt that defendant did commit the crime charged (*People v Lagana,* 36 NY2d 71, 74, *supra;* see, also, *People v Joseph AA.,* 92 AD2d 649). We have examined defendant's other contentions and find them to be without merit. Judgment affirmed. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.