■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL L. CRITZER, Appellant. — Appeal from a judgment of the County Court of Chemung County (Monserrate, J.), rendered March 26, 1982, upon a verdict convicting defendant of the crimes of aggravated sexual abuse, criminal trespass in the first degree and sexual misconduct. Defendant was indicted for

the crimes of rape in the first degree, aggravated sexual abuse and burglary in the first degree. The charges arose out of an incident on September 20, 1981 when defendant and two male companions, Walter Case and Ernest Mattison, forced their way into the victim's home, where defendant and Case raped her. Mattison pushed a glass Pepsi bottle in the victim's vagina while defendant and Case held her hands. The victim did not report the incident to the police due to her embarrassment and her fear that something would happen to her children. She did, however, tell her boyfriend, who aided her in luring defendant and Mattison to her home where the boyfriend beat defendant and Mattison intermittently with a blackjack resulting in defendant admitting the incident of September 20, 1981. Defendant then reported to the police that he had been assaulted. While investigating the assault charge, the police were told by the victim that she had been raped. Thereafter, defendant voluntarily agreed to go to the police station to discuss the alleged assault and rape. He was advised of his constitutional rights and stated that he had no attorney nor any cases then pending in court, although in fact he did have a harassment charge pending against him in Elmira City Court. Defendant subsequently gave the police a statement in which he described the incident of September 20, 1981. Defendant, who was not under arrest, was then allowed to leave. Defendant was indicted on December 2, 1981 and convicted after trial of aggravated sexual abuse, criminal trespass in the first degree and sexual misconduct. He was sentenced to an indeterminate term of imprisonment having a minimum of three years and a maximum of nine years for aggravated sexual abuse, with one-year sentences on each of the two misdemeanor convictions to run concurrently. This appeal ensued. Defendant urges several grounds for reversal. Concerning defendant's contention that the People failed to adduce legally sufficient evidence that the victim suffered the substantial pain necessary to constitute physical injury (Penal Law, § 10.00, subd 9; *Matter of Philip A.*, 49 NY2d 198, 200), the victim's subjective description of her pain was sufficient to justify the jury's finding that there was. In spite of the People's concession, we also reject any challenge to the sufficiency of the trial court's charge to the jury in regard to the elements of aggravated sexual abuse since there was no objection to the jury charge (CPL 470.05, subd 2; *People v Aleschus,* 55 NY2d 775, 776). Assuming, *arguendo,* that the failure to object was not dispositive, any error was harmless as there was no reasonable possibility that the error affected the jury's determination in view of the overwhelming evidence against defendant (*People v Smalls,* 55 NY2d 407, 417; *People v Crimmins,* 36 NY2d 230, 241). We find no merit to defendant's contention that the denial of his motion for adjournment of the trial prejudiced him. The question of adjournment is a matter of discretion for the trial court (*People v Singleton,* 41 NY2d 402, 405) and defendant has not shown how he was prejudiced by the court's ruling (*People v Jones,* 79 AD2d 717, 718). Neither do we find prejudice or error in the court's denial of a suppression hearing to determine the voluntariness of an inculpatory statement allegedly made by defendant after the victim and her boyfriend assaulted him. The statement was not used in the People's direct case pursuant to the prosecutor's promise. The statement was elicited by defense counsel on cross-examination of a prosecution witness and defendant may not now claim prejudice (cf. *People v Sbraccia,* 92 AD2d 628, 629). Finally, while we recognize that defendant was indeed represented by counsel on an unrelated charge at the time of his questioning in the instant action, we see no error. Defendant was not in custody at the time of the questioning but was responding to a police investigation (*People v Yukl,* 25 NY2d 585, 589, cert den 400 US 851; *People v Yanus,* 92 AD2d 674, 675). Further, the police officers had no reason to know that defendant had recently been arrested on an unrelated harassment charge (cf.

*People v Bartolomeo*, 53 NY2d 225) and defendant himself informed the police that there were no pending charges against him and that he did not have counsel. The police officers cannot be said either to have insulated themselves from any knowledge of defendant's representation by counsel on a prior unrelated matter or to have had any reason to inquire further (*People v Fuschino,* 59 NY2d 91, 98-100). Defendant's statement to the police officers was, therefore, properly admitted at trial. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Mikoll and Weiss, JJ., concur.