■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT AFRICK, Appellant. — Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered May 7, 1981, convicting him of criminal possession of stolen property in the second degree, upon his plea of guilty, and

imposing sentence. The appeal brings up for review the denial, after a hearing (Tsoucalas, J.), of the defendant's suppression motion.

Judgment affirmed.

On October 1, 1980, at approximately 3:50 A.M., Detective Johnny Carman, who was assigned to the 109th Precinct Auto Larceny Recovery Team, was on patrol in an unmarked patrol car with Detective Isaac Finkel. They stopped at the traffic light at the intersection of 23rd Avenue and Bell Boulevard in Queens and noticed a green Chevrolet Vega, with license plate number 330PDO, stopped at the same traffic light, but coming from the opposite direction.

Detective Carman recalled being informed by other members of the Auto Larceny Recovery Team, some two weeks earlier, that they had encountered an automobile fitting the Vega's description with the same license plates and had learned that plate number 330PDO belonged to another automobile which was registered to the sister of one "Camerado", who apparently had been arrested on auto theft charges in the area where Detectives Carman and Finkel spotted the Vega.

On the basis of this information, Detective Carman approached the Vega with his gun drawn and asked the defendant, who was the sole occupant, for his license, registration and insurance card. The defendant was unable to produce any of the requested documents and had no other form of personal identification in his possession. The detective looked into the vehicle and observed that the ignition switch had been pulled out and an open attaché case on the front passenger seat contained an assortment of tools generally associated with automobile theft. The detective ordered the defendant out of the vehicle and arrested him. A subsequent check of the Vega's vehicle identification number disclosed that the number was assigned to another automobile.

The defendant pleaded guilty to criminal possession of stolen property in the second degree after his motion to suppress was denied.

On this appeal, the defendant contends that his motion to suppress should have been granted on the ground that Detective Carman's testimony was incredible as a matter of law. In *People v Garafolo* (44 AD2d 86, 88), this court stated that, "[i]t is well settled * * * that issues of credibility are primarily for the trial court and its determination is entitled to great weight * * * However, reversal is warranted where the fact findings of the trial court are manifestly erroneous or so plainly unjustified by

the evidence that the interests of justice necessitate their nullification * * * We refuse to credit testimony which has all the appearances of having been patently tailored to nullify constitutional objections. In evaluating testimony we should not discard common sense and common knowledge * * * 'The rule is that testimony which is incredible and unbelievable, that is, impossible of belief because it is manifestly untrue, physically impossible, contrary to experience, or self-contradictory, is to be disregarded as being without evidentiary value, even though it is not contradicted by other testimony or evidence introduced in the case.' "

In view of the fact that members of the Auto Larceny Recovery Team often relied upon their memories of identifying features of suspicious vehicles (see *People v Singleton*, 41 NY2d 402), the detective's testimony was not so inherently incredible or improbable as to lead this court to doubt that a rational basis existed for the suppression court's findings on credibility (see *People v Wright*, 71 AD2d 585, 586).

The defendant also contends that the denial of his request for a continuance to obtain the presence of a witness at the suppression hearing was an abuse of discretion. Review of the record discloses that, after the People rested, the hearing was continued, at defense counsel's request, for approximately one week to enable the defendant to obtain Detective Finkel's presence at the hearing. After Detective Finkel testified, defense counsel informed the court that a second witness, whom he intended to call, was not present in court but another continuance was unnecessary because the defendant was prepared to go forward with his testimony. At the conclusion of the defendant's testimony, counsel requested a continuance for the purpose of serving a subpoena on, and obtaining the presence of, the absent witness, Camerado — the person who allegedly was arrested in the vehicle to which the license plates on the green Vega were registered. The court denied the request and counsel excepted.

The law is clear that requests for adjournments are addressed to the court's sound discretion (*People v Foy*, 32 NY2d 473, 476; *People v Singleton*, 41 NY2d 402, 405, *supra; People v Critzer*, 97 AD2d 878, 879). However, "[a]s a general matter of policy, requests for brief adjournments to secure witnesses should be granted where the witness is identified, is within the courts [*sic*] jurisdiction and there is a showing of some diligence and good faith" (*People v Brown*, 78 AD2d 861). Under the circumstances at bar, we conclude that the suppression court did not abuse its discretion.

First, the defendant was granted a continuance for a week to secure Detective Finkel's presence in court, during which time

the defendant could have served the witness Camerado with a subpoena to ensure his presence at the hearing (cf. *People v Zayas,* 61 AD2d 594).

Second, the defendant has not established how he was prejudiced by the court's ruling (see *People v Critzer, supra,* p 879). The issue at the suppression hearing was not whether the license plates in question were or were not "out on the street two weeks earlier", as alleged by counsel in his proffer, but whether Detective Carman acted reasonably in light of all the facts and circumstances, including the information given to him by his fellow members of the Auto Larceny Recovery Team (see *People v Finlayson,* 76 AD2d 670, application for lv to app den 51 NY2d 1011, cert den 450 US 931). Rather than calling Camerado, counsel should have called the member or members of the team responsible for informing Detective Carman about the plates and the green Vega to probe the extent of the information given to Detective Carman and thus, the reasonableness of the detective's conduct. Viewed in this light, Camerado's testimony, assuming he would have testified in accordance with the proffer, would have been of little assistance to the defendant.

Mollen, P. J., Gibbons, Thompson and Bracken, JJ., concur.