■ In the Matter of DONALD TISDALE, Petitioner, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. — Proceeding pursuant to CPLR article 78 to review a determination of the New York City Transit Authority, dated June 2, 1983, which, after a hearing, found petitioner guilty of misconduct and/or incompetence and dismissed him from his position as a bus operator.

Determination confirmed and proceeding dismissed on the merits, without costs or disbursements.

The determination is supported by substantial evidence and the penalty imposed is not so disproportionate to the offense as to be shocking to one's sense of fairness (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222), in view of the fact that petitioner was a bus driver and his use of narcotics would present a danger to the public. Mollen, P. J., Rubin, Lawrence and Kunzeman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN W. ADAMS, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Sherman, J.), rendered April 27, 1983, convicting him of burglary in the second degree, robbery in the second degree and unauthorized use of a motor vehicle in the first degree, upon his plea of guilty, and sentencing him to concurrent indeterminate terms of imprisonment of 1½ to 4½ years, 1½ to 4½ years, and 1 to 3 years, respectively.

Judgment affirmed.

The sentencing court did not abuse its discretion in denying defendant's application for youthful offender treatment (CPL 720.10 [3]; *see, People v Williams,* 78 AD2d 642). Nor is there any merit to defendant's contention that the sentencing court engaged in a wholesale delegation of its sentencing authority to the Probation Department (*cf. People v Fuller,* 57 NY2d 152, 158). Thompson, J. P., Bracken, Weinstein and Niehoff, JJ., concur.