■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PERRY MORANO, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered July 24, 1985, convicting defendant upon his plea of guilty of the crimes of arson in the second degree and arson in the third degree.

On October 30, 1984, a fire occurred at the Colonial Roofing Company (Colonial) where defendant was employed, and an investigation by City of Kingston police and firemen began in which Colonial employees were questioned. At approximately 8:00 A.M. the next day, Officer Wayne Freer met defendant near the premises, informed him of the investigation and asked if defendant would accompany him to the police station for questioning. Defendant agreed to cooperate and voluntarily accompanied Freer. It is significant to note that Freer knew that defendant had recently been arrested by the Kingston police on unrelated sexual abuse and assault charges.

At the station, defendant was given *Miranda* warnings, signed a written waiver and was interviewed by both Freer and Deputy Fire Chief Gerard Kelder. During the interview, Freer contacted Assistant District Attorney John Prizzia to inquire as to the status of the prior charges and, specifically, whether defendant was represented by counsel. Prizzia indicated that there was some confusion as to who represented defendant and suggested that Freer ask defendant. In making the inquiry, Freer simply asked defendant whether he was presently represented by counsel, without specifying the pending charges. Defendant indicated that he did not have an attorney and signed a statement to that effect. The interview continued. After some contradictions in defendant's statement became apparent, Lieutenant James Riggins took over the interview around 11:30 A.M. and, shortly thereafter, defendant admitted setting the fire at Colonial. A tape recording was made of the ensuing interview in which defendant again admitted setting the Colonial fire and two additional fires.

Prior to being charged in a five-count indictment based on the three fires, a hearing was held December 7, 1984 to determine the propriety of the October 31, 1984 interview conducted in the absence of counsel. County Court determined that defendant was in fact represented by counsel on the pending charges and that the police were charged with such knowledge. However, the court declined to suppress the statements pursuant to the rule of *People v Rogers* (48 NY2d 167, 172) and *(People v Bartolomeo* (53 NY2d 225), on the premise that defendant was not in custody when the statements were made. Ultimately, defendant pleaded guilty to reduced charges in full satisfaction of the instant indictment and the unrelated sexual abuse and assault indictment. He was sentenced to concurrent indeterminate prison terms of 3 to 9 years.

On this appeal, defendant maintains that County Court erred in refusing to suppress his October 31, 1984 statements as the product of an improper custodial interrogation. Initially, we fully concur with the court's determination charging the police with awareness of defendant's representation by counsel on the pending unrelated charges. The District Attorney concedes that the Public Defender represented defendant from July 1984 on, and while it appears that defendant considered retaining private counsel during this period, no withdrawal by the Public Defender or substitution of new counsel was ever made *(cf. People v Rosa,* 65 NY2d 380). Nor does the fact that defendant indicated he was not represented require a different result, given the general nature of Freer's inquiry and the fact that the Assistant District Attorney involved should have fully realized counsel had been retained *(cf. People v Lucarano,* 61 NY2d 138, 148). This conclusion is supported by the fact that the Public Defender represented defendant at a preliminary hearing held August 6, 1984 and at a bail application on September 7, 1984, the District Attorney directed correspondence to the Public Defender on September 18, 1984 as to forthcoming Grand Jury proceedings, and the unrelated charges were of recent vintage and of a highly serious nature *(see, People v Bertolo,* 65 NY2d 111, 118-119).

The issue thus distills to whether defendant was in custody during the subject interview, for if he was not, the *Rogers-Bartolomeo* right to counsel rule does not apply *(see, People v Bertolo, supra,* p 116; *People v Torres,* 97 AD2d 802, 804; *People v Critzer,* 97 AD2d 878, 879). We have little difficulty concluding that defendant voluntarily accompanied Freer to the police station *(see, People v Yukl,* 25 NY2d 585, *cert denied*

400 US 851; *People v Baird,* 111 AD2d 1044, 1045 [and cases cited therein]). Moreover, the initial questioning was clearly of an investigatory, not adversarial, nature and constituted a proper facet of the fire investigation *(see, People v Winchell,* 98 AD2d 838, 839, *affd* 64 NY2d 826; *People v Critzer, supra; People v Mertens,* 97 AD2d 595; *People v Yanus,* 92 AD2d 674; *People v Ellis,* 83 AD2d 652). The problem that arises, however, is that during the December 7, 1984 hearing, no inquiry was made as to the nature of the questioning process. The focus was solely on whether counsel had been retained and whether the police were aware of this fact. Although County Court's decision indicates that defendant's statements were voluntary, no factual basis in the record exists to support such a finding. Indeed, during the hearing, the court specifically declined to decide the issue and stated that a further hearing as to the voluntariness of the statements would be conducted, if necessary. Although it is clear that defendant was not initially placed under arrest, he was deemed a suspect during the course of the interview. As such, the development of a complete record concerning whether defendant's statements were voluntarily rendered or the result of some improper, coercive influence becomes all the more imperative. A further suppression hearing is therefore in order.

We do find that once defendant admitted setting the Colonial fire, it is inconceivable to suggest that he was no longer in custody *(see, People v Leonard,* 113 AD2d 258, 260). After obtaining the statement on the Colonial fire, Riggins immediately summoned Kelder, who had specific information about two other fires. At the point defendant confessed to these additional fires and during the taped interview that followed, he was in custody and, as we have already found, was actually represented by counsel on the pending unrelated charges. Consequently, any purported waiver of his *Miranda* rights without the presence of counsel was ineffectual and the statements as to the additional fires must be suppressed as violative of defendant's right to counsel *(see, People v Rogers,* 48 NY2d 167, *supra).*

Judgment reversed, on the law, guilty plea vacated, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent herewith. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.