■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FRANCIS LITCHKO, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Greene County (Battisti, Jr., J.), rendered July 12, 1983, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and attempted petit larceny.

Defendant was charged in a two-count indictment with burglary in the third degree and attempted petit larceny stemming from an illegal entry into G. F. Britt's Warehouse in the Town of Athens, Greene County, on August 21, 1982. After a hearing, defendant's motion to suppress was granted as to certain oral statements made on the date of the incident, but was denied as to boots worn by defendant at the time of his arrest. Thereafter, he pleaded guilty as charged and was

sentenced to a term of 60 days' incarceration together with 4 years and 10 months' probation. This appeal ensued.

Defendant primarily maintains that County Court erred in refusing to suppress his boots, ostensibly because the evidence seized emanated from the illegally obtained statements and thus constituted the "fruit of the poisonous tree" (see, *Wong Sun v United States,* 371 US 471). We disagree. The minutes of the suppression hearing indicate that State Trooper Paul Salvino was one of two officers who responded to a radio disturbance call at Britt's during the early morning hours of August 21, 1982. Upon arrival, Salvino observed an International Scout vehicle in the parking lot, which unlike the adjacent Britt trucks, did not have condensation on the windshield. Salvino checked the vehicle and found that it had recently been operated. Inspection of the building revealed that a screen had been torn away, and a louver broken from a large air vent leading into the warehouse. Bootprints were discovered inside the warehouse in the vent area and on a nearby pallet. Two cold kegs of beer were situated near a loading dock, away from the appropriate cooler. Following a vehicle registration check, Salvino determined that the Scout belonged to a Robert Litchko, Sr., and being familiar with defendant as a suspect in other burglaries, he proceeded to the Litchko residence. Upon arrival, defendant's parents confirmed that he had driven the Scout that evening. Shortly thereafter, defendant arrived in a vehicle driven by Claude Dedrick and, after identifying himself, permitted Salvino to view the tread on his boots, which Salvino observed matched the "vibram" tread in the warehouse. Salvino also observed that defendant's pants were wet to the knees. At this point Salvino advised defendant that he was a suspect in the Britt burglary. Defendant's ensuing statements, indicating that he was in the vicinity of the Britt warehouse, were suppressed on the premise that he had retained counsel on certain unrelated pending charges of which the police had knowledge (see, *People v Bartolomeo,* 53 NY2d 225; *People v Rogers,* 48 NY2d 167).*

Considering this background cumulatively, we agree with County Court that Salvino had probable cause to arrest defendant at his parents' home and to seize the boots apart from any statements that defendant may have made (see, *People v Chestnut,* 43 AD2d 260, *affd* 36 NY2d 971; *see also, People v Schobert,* 93 AD2d 949, 950; *People v Brooks,* 92 AD2d 1035).

---

* The People do not contest this finding on appeal.

Nor has defendant met his burden of demonstrating that the seizure of the boots was causally related to the illegally procured statements. On the contrary, the scenario outlined above confirms that the boots could readily have been seized on the basis of information gathered prior to, and independent of, information flowing from the illegal statements *(see, People v Arnau,* 58 NY2d 27, 32-33, *cert denied* 468 US 1217; *see also, People v Harris,* 62 NY2d 706, 707). Salvino was entitled to observe defendant's boots outside the Litchko residence *(see, People v Alberti,* 111 AD2d 860), and his request to examine the tread, to which defendant voluntarily acceded, constituted a proper facet of the burglary investigation *(see, People v Morano,* 119 AD2d 907). That the boots were not *actually* taken from defendant at the Litchko residence, but only after arraignment later that morning, is of limited consequence *(see, People v Tripoli,* 100 AD2d 633, 634 [Titone, J., concurring]). The motion to suppress the boots was therefore properly denied.

Finally, defendant's assertion that County Court abused its discretion in failing to accord him youthful offender treatment on the sentence is without merit. That determination rests within the sound discretion of the sentencing court (CPL 720.20 [1]; *People v Bruce,* 57 AD2d 1024), and given that defendant committed the instant offense only days after receiving youthful offender treatment on an unrelated matter, we perceive no impropriety in the rather lenient sentence imposed.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.