◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MACDONNELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered February 6, 1987, convicting him of criminal possession of stolen property in the first degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Cohen, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

On December 30, 1983, the police stopped the flatbed truck driven by the defendant, conducted a warrantless search of a dismantled vehicle on the truck to determine the vehicle identification number (hereinafter VIN), and learned that the vehicle had been reported stolen. He was arrested on charges including criminal possession of stolen property.

The defendant contends that the police improperly stopped his vehicle on the pretext that he committed certain traffic infractions in order to conduct a search of the load his truck was carrying. He maintains that the hearing court improperly denied his motion to suppress the physical evidence found in the truck. The People maintain that the court properly denied

the motion, notwithstanding its finding that the search was conducted without probable cause, and concede that the court erroneously determined that the evidence was admissible under the inevitable discovery rule.

Viewing all of the circumstances in this case, we agree with the People's contention that the evidence adduced at the suppression hearing establishes that the police properly stopped the defendant's vehicle predicated upon his violation of several provisions of the Vehicle and Traffic Law, and, based upon certain information known to the officers at that point, their independent prior observations of the vehicle and the defendants uncooperative and evasive conduct, they legally searched the back of his truck, having probable cause to believe that he was transporting stolen dismantled vehicles (see, People v Bigelow, 66 NY2d 417; cf., People v Class, 63 NY2d 491, revd 475 US 106, on remand 67 NY2d 431).

The police testimony during the hearing demonstrated that the Auto Crime Division received information on December 14, 1983, from a police officer that P.A.V. Auto Salvage in Queens County was engaged in cutting up stolen cars and transporting the remains in the early morning hours to another destination. Thereafter, a police officer observed a truck on the premises one evening, recorded the license plate number, and later determined that the registration had expired two years earlier and the plate belonged to another truck. On December 30, 1983, at about 6:30 A.M., a team of seven police officers in two cars positioned themselves near the premises to conduct an observation of the salvage yard's activities. At about 8:45 A.M., they observed a flatbed truck pull out of the yard. The back of the truck was loaded with two crushed vehicles, one described as teetering off of the back of the vehicle. The team proceeded to observe the driver, later identified as the defendant, pass through two red lights, and then they stopped the vehicle. The defendant complied with an officer's request to exit the truck but was unable to produce either a driver's license or registration for the vehicle. At this point, one of the officers recognized the defendant, whom he knew had had his license suspended, and the defendant refused to answer any further questions as to whether he had any documents concerning the load he was transporting. Two of the officers proceeded to mount the rear of the truck and after removing some broken glass on the windshield of one of the crushed vehicles, obtained the VIN, radioed for a check of the number and determined that the vehicle had been reported stolen the previous day.

According to the police testimony, the team's initial objective was to observe if cars were being transported in and out of the yard prior to 9:00 A.M. to confirm the tip provided to them. When the flatbed truck exited the premises with the unsecured load, the officers decided to stop the vehicle before one of the cars fell off. Detective George testified that the reason the officers decided to search for the VIN was as follows: "After stopping the vehicle and asking Mr. MacDonnell for the paperwork, and him refusing to answer questions regarding where the vehicles came from or who they belonged to, I felt I had good reason to believe the cars were stolen". Detective George also explained that the VIN was visible from the exterior of the car.

Although the defendant asserts that the police testimony was incredible as a matter of law, we find no basis to conclude that it was "so inherently incredible or improbable as to lead this court to doubt that a rational basis existed for the suppression court's findings on credibility" *(People v Africk,* 107 AD2d 700, 702). Accordingly, for the reasons previously stated, we conclude that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the physical evidence. Since the defendant does not challenge his conviction on any other ground, the judgment is affirmed. Thompson, J. P., Niehoff, Rubin and Sullivan, JJ., concur.