■ The People of the State of New York, Respondent, v Leodis Merritt, Appellant.—Levine, J. Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered June 23, 1986, upon a verdict convicting defendant of the crimes of grand larceny in the second degree and burglary in the third degree.

The sole issue on defendant's appeal worthy of extended discussion is whether County Court properly denied defendant's motion to suppress a screwdriver, chisel and electronic cable connectors seized from defendant's car after the vehicle was stopped by the State Police outside the City of Ithaca, Tompkins County. Defendant was placed under arrest, and sneakers which he was wearing at the time of the arrest were also seized. This evidence was introduced against defendant at the trial of the indictment charging him with burglary and stealing from the Chemung Electronics, Inc., store in the City of Elmira, Chemung County.

Evidence at the suppression hearing established that at about 5:00 A.M. on January 15, 1986, Elmira Police Officer James Janeski, Jr., on routine patrol, was checking the doors and windows of a public school when he noticed a tan Oldsmobile car parked nearby on the north side of the 800 block of East Second Street. A person was behind the wheel. Janeski went into the school parking lot and, upon emerging, noticed that no one appeared to be sitting in the Oldsmobile, bearing New York license plate 6513-AVN. He went to the vehicle, shined his flashlight inside and saw defendant, who identified himself, lying in the front seat. Elmira Police Officer Thomas Ryan then arrived at the scene to assist. Another male, who identified himself as Joey Smith, was lying in the back seat. When neither defendant nor Smith was able to provide documentary identification or explain their presence at the scene, they were told to leave the area. The officers observed Smith exit the rear seat of the car and go into the front seat. Fresh snow had fallen that night, accumulating almost an inch.

Upon resuming patrol, Janeski discovered that the Chemung Electronics store, a few short blocks away on East Church Street, had been burglarized, entry having been made by breaking a storefront window. Janeski and other investigating officers noticed two distinctive sets of footprints in the snow under the window. They followed the path of the footprints from the store to the parking lot of St. Joseph's Hospital and then to a driveway at 605 East Second Street. One set of footprints was then tracked to the same location on the 800 block of East Second Street where the officers had earlier confronted defendant and Smith. Near the prints at the hospital parking lot, the 605 East Second Street driveway and along the curb in the 800 block of that street the officers noticed distinctive tire tracks, indicative that different types of tires had been mounted on the car. Most significantly, adjacent to those tire tracks at the curb in the 800 block of East Second Street, Officer Ryan observed the footprints left by Smith when he got out of the rear seat of the car to enter the front seat, and identified the prints as being the same as those found in front of the burglarized store and followed as previously described. The foregoing evidence amply supported a reasonable belief on the part of the investigating Elmira police officers that defendant and Smith had committed the burglary and had escaped in the tan Oldsmobile in which they were first encountered by Janeski and Ryan *(see, People v Litchko,* 121 AD2d 785, 786-787; *see also, People v Stone,* 122 AD2d 387, 389; *People v Holmes,* 117 AD2d 480, 482-483, *lv denied* 68 NY2d 757; *People v Brooks,* 92 AD2d 1035, 1036). Probable cause having been established for the Elmira police officers, the State Police were legally justified in stopping defendant's vehicle and making the ensuing arrests, based upon the radio dispatch from the Elmira police giving defendant's and Smith's names and descriptions as subjects wanted in connection with the burglary, as well as the description and plate number of defendant's vehicle *(see, People v Lypka,* 36 NY2d 210, 213-214). The search of defendant's vehicle was valid for much the same reasons *(see, People v Singleteary,* 35 NY2d 528, 530-531; *People v Brown,* 28 NY2d 282, 284-286).

Defendant's remaining points were either not preserved for review or involve matters which, at most, constituted harmless error. Accordingly, his conviction should be upheld in all respects.

Judgment affirmed. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.