■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL ARROYO, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of sexual abuse in the first degree and two counts of endangering the welfare of a child. He contends that the court abused its discretion in denying his request for an adjournment; that the court erred in refusing to give a missing witness charge; that the verdict was against the weight of the evidence; and that his sentence is harsh and excessive. None of those contentions has merit. Prior to jury selection, defense counsel asked the trial court for an adjournment, claiming that it would be inappropriate to select a jury that day because of a newspaper article which reported that defendant had been acquitted of assault charges on the previous day before the same Trial Judge. The article also mentioned that defendant had been acquitted of murder earlier in the year. The court denied the request for an adjournment, but asked the array whether anyone knew anything about the case or had seen anything in the paper where defendant's name or the names of any witnesses appeared. Apparently no one had and the record does not reflect any objection by defendant. The court's exercise of discretion in denying a request for an adjournment will not be overturned absent a showing of prejudice *(see, People v Critzer,* 97 AD2d 878, 879). Here, the court's inquiry indicates that none of the jurors had seen the

news article in question and thus there was no prejudice to defendant.

The court did not err in denying defendant's request for a missing witness charge. It appears that the uncalled witness had no firsthand knowledge and was thus not in a position to give competent material testimony (see, People v Gonzalez, 68 NY2d 424, 427). Defendant contends further that the jury failed to give the evidence the weight it should have been accorded (see, People v Bleakley, 69 NY2d 490, 495). To the contrary, the testimony of the complaining witnesses, particularly the eight year old, was forthright and credible despite the obvious pressures brought to bear on them by their mother and defendant's family. In contrast, the testimony of the girls' mother was inconsistent and lacking in credibility and defendant merely denied the charges. The jury was entitled to believe the testimony of the complaining witnesses and disregard that of the defense witnesses. Finally, the sentence is not excessive. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—sexual abuse, first degree.) Present —Callahan, J. P., Denman, Pine, Balio and Davis, JJ.