■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND BARRIERA, Appellant.—Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered on April 4, 1989, convicting defendant, upon a plea of guilty, of robbery in the first degree, attempted robbery in the first degree and robbery in the second degree, and sentencing him to consecutive indeterminate terms of imprisonment of two to six years for the first degree robbery conviction, and one and one-half to four and one-half years for the attempted first degree robbery conviction and one and one-half to four and one-half years for the second degree robbery conviction, unanimously affirmed.

The defendant, a seventeen year old, committed the alleged crimes on January 28, 1989, June 30, 1988, and December 11, 1988. On appeal the defendant claims that he never formally pled guilty and that the plea was factually insufficient. Review of the record shows that during the allocution the defendant was represented by two attorneys, and was separately questioned about each crime by the Judge. The allocution further shows that there was a sufficient factual basis for each crime to support defendant's pleas of guilty. Indeed, the defendant thanked the court for accepting his plea. Thus, defendant's claims are without any basis. No uniform mandatory catechism is required for entering and accepting a plea. *(People v Nixon,* 21 NY2d 338, 352, *cert denied sub nom. Robinson v New York,* 393 US 1067.)

Defendant's claim that the sentence was excessive and that he should have been granted youthful offender treatment is also without merit, as his age, criminal record and his commission of three violent crimes within a short time span support the Court's determination to sentence as an adult *(People v Williams,* 78 AD2d 642). Concur—Murphy, P. J., Carro, Kupferman and Smith, JJ.