■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH VALENTINE VINCENT, Appellant.— GREENBLOTT, J. Appeal from a judgment of the County Court of Warren County, rendered July 2, 1969, upon a verdict

convicting defendant of the crime of incest. Appellant was convicted of committing incest with his daughter, 14, in a room of the Queensbury Inn in Glens Falls on December 30, 1968. We have examined the several contentions raised by appellant and have determined that the judgment should be affirmed. Appellant's first contention is that he was prejudiced by the court's denial of his attorney's motion for an adjournment. The argument is that his counsel was so busy with two other criminal cases that he was unable to adequately prepare this defense. On the motion for adjournment, the trial court recalled that he had advised counsel "about the middle of May" that the case would be tried in June. On June 2, defense counsel requested an adjournment of two weeks which the court granted. Defense counsel's request for an additional adjournment on June 17 was denied. A motion for adjournment rests in the sound discretion of the trial court (*People* v. *Jackson*, 111 N. Y. 362) and we see no reason to interfere with this decision. Nor is appellant's contention that he had insufficient time to obtain character witnesses of any substance. Similarly, his claim that he should be entitled to select the order of trial of his pending criminal cases is without merit, since calendar preference is left to the District Attorney, subject to the control of the trial court. Appellant's second contention that the court improperly permitted the complainant to testify to her disclosure of the incest to a friend within a month after its occurrence, is likewise without foundation. No objection to this testimony was taken at the trial. Furthermore, complainant adequately explained the reason for delay in making the disclosure. Where the complainant adequately explains the reason for the delay, "the disclosure may be proved, and all the facts submitted to the jury for them to determine what weight shall be given to the disclosure, and what effect the delay shall have" (*People* v. *O'Sullivan*, 104 N. Y. 481, 490). The contention that the trial court erred in not striking the answer elicited by defense counsel on cross-examination of the complainant, must also be rejected. The testimony was as follows: " Q. After this incident occurred were there any further incidents that night? A. He placed his mouth upon my private parts." The answer was responsive to counsel's broad question, and the defense must bear the burden of its poorly framed question, since it "opened the door" to the witness' reply. Appellant next argues that the trial court committed prejudicial error in permitting the jury to take to the deliberation room, the complete Grand Jury testimony of Paul Vincent, the complainant's 12-year-old brother. He contends that a portion of the youngster's Grand Jury testimony was at variance with his direct testimony at the trial. Defense counsel apparently sought to introduce only a limited portion of the boy's Grand Jury testimony. However, he failed to object to the court's ruling that he would not admit portions of the testimony, but would receive the full testimony, if offered. Defense counsel then said: " I ask the Court's permission to introduce his testimony before the grand jury." The complete testimony was received. This colloquy between defense counsel and the trial court places the appellant in an indefensible position, since he failed to indicate what portion of the testimony he wished stricken. Instead he acquiesced in the court's ruling by offering the full Grand Jury testimony of appellant's son. Again, counsel's failure to object prevents him from raising this point on appeal. (See *People* v. *Jackson*, 196 N. Y. 357, 362; *People* v. *Simon*, 218 App. Div. 363, 365.) Nor can defense counsel succeed on the ground that he belatedly objected to the ruling which permitted the Grand Jury testimony of Paul Vincent to go to the jury. This came after the court's charge and shortly before the jury retired to deliberate, and must be deemed untimely. Appellant's next point, that the District Attorney asked complainant an improper, question is unavailing, since

the question was not answered. We cannot agree that there was no corroboration of the incest as required by section 255.30 of the Penal Law. The testimony of Paul Vincent furnishes this proof. While there are minor differences in the testimony of complainant and her brother as to the exact time when the incest occurred, these discrepancies were matters for the jury to consider and do not require reversal. Appellant's next contention is that the trial court committed prejudicial error in admonishing defense counsel to refrain from improper remarks in his summation and in threatening defense counsel with contempt of court. While the record does not contain the remarks of the defense counsel which prompted the court's warning, we accept the respondent's undisputed recollection that the statement was: "I'll tell you why the boy lied, the State Police and the District Attorney told him to." Such remarks were highly improper, and warranted the court's admonition. Appellant's final contention that the court improperly marshalled the evidence in his charge by emphasizing portions of the testimony of the appellant's son, is similarly without force. We see no undue emphasis by the court of this testimony. His summary of the boy's testimony was in language virtually identical to the actual testimony of the witness. Finally, there was no objection by defense counsel. Judgment affirmed. Reynolds, Greenblott, Cooke and Sweeney, JJ., concur in memorandum by Greenblott, J. Herlihy, P. J., not voting.