■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER A. QQ, Appellant.—Appeal from a judgment of the Tioga County Court, rendered January 8, 1975, which adjudicated the defendant a youthful offender. On the evening of March 2, 1974, Deputy Katchmir of the Tioga County Sheriff's department observed an apparently abandoned automobile parked in an illegal and dangerous manner on the Lisle Road in the Town of Owego. While he was looking into the situation, defendant appeared and stated that the vehicle belonged to him. Subsequent developments, including an admitted falsehood which defendant told the deputy, aroused the officer's suspicion and led to further investigation, and ultimately defendant confessed to various burglaries and larcenies in the area. After a jury trial, the defendant was convicted of petit larceny and criminal trespass in the third degree. Defendant argues here that his confession was made without a voluntary and knowing waiver of his right to counsel and that he did not voluntarily consent to a search of his residence. We disagree. Both of these contentions were considered at a pretrial hearing and at the trial, and the testimony and other evidence introduced clearly established that defendant was properly advised of his rights as required by *Miranda v Arizona* (384 US 436), and that he understood and voluntarily waived those rights. Moreover, he executed a form consenting to a search of his residence by the police, and nothing in the record indicates that his consent was other than voluntary (cf. *People v Mule,* 46 AD2d 414). Similarly, it was not error for the trial court to deny defense counsel's motion for an adjournment of the trial. Such a motion rests in the sound discretion of the court *(People v Vincent,* 34 AD2d 705, affd 27 NY2d 964), and in this instance counsel had several months to prepare for trial and there has been no showing of any prejudice to defendant resulting from a denial of the motion. As to defendant's remaining contentions, they relate to the conduct of the trial, and we have examined them and find them lacking in any substance. Judgment affirmed. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.