■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CALVIN DAVIS, Also Known as KEVIN DUNN, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN JOHNSON, Appellant. — Judgments, Supreme Court, Bronx County (Warner, J.), rendered February 28, 1978 convicting defendants upon a jury verdict of murder in the second degree and criminal possession of a controlled substance in the fifth degree, and sentencing each of them to concurrent terms of imprisonment of 25 years to life on the murder counts and a maximum of 15 years on the controlled substance counts, reversed, on the law, and the matter remanded for a new trial. The prosecu- tion's theory was that defendants came to the apartment of the decedent to commit robbery, in the course of which they shot and killed the decedent. The defendants' contention was that they were there to buy narcotics and that, in the course of an argument which escalated into a fight about the purchase price, the decedent's wife came in with a rifle and fired the rifle intending to hit one of the defendants and instead shot and killed her husband. The major error which leads us to reverse and order a new trial is the consistent ruling of the court during the testimony of the defendants that while each defendant could testify as to what he had said during the criminal incident, he could not testify as to what anyone else had said, including even what his codefendant had said. The court excluded all such testimony as hearsay. The defendants' testimony as to what was said by anyone other than that defendant at the time of the incident was not excludable under the hearsay rule, as it was not offered as proof of the truth of the facts asserted in the statements thus made (Richardson, Evidence [10th ed], § 200); and the court's ruling excluding the testimony as hearsay was error. Whether that error was prejudicial is a closer

question: Whenever evidence is excluded, an appellate court is in a better position to rule on both the propriety and the harm of the exclusion if the record makes clear what the excluded testimony was. In the present case the defendant Johnson's attorney, without using the words "offer of proof," attempted to tell the court what his client would testify to as to the conversations; the court improperly refused to permit defendant's attorney to do so. However, enough is in the record to give us some idea as to what the excluded testimony would have been, e.g., the argument as to price, and most particularly, the decedent's statement that he ought to shoot the defendants and his calling on his wife to shoot them. As the factual dispute simply related to who had the rifle and who did the shooting — a defendant or the decedent's wife — the exact language used in the dispute may not be terribly significant. Defendants were permitted to testify to their version of what happened and to the fact that there was an argument and a fight about narcotics. Indeed the jury had a good idea of the language of the alleged conversations (including that decedent was telling his wife to shoot the defendants) from the witness' interrupted testimony (interrupted by rulings sustaining objections or striking testimony). In one sense, the language used, including whether the decedent called upon his wife to shoot, might be deemed only an incidental detail of the over-all situation and dispute. Defendants having testified that it was decedent's wife who had the rifle and did the shooting, the jury's judgment as to their credibility on this issue would not be particularly affected by whether or not the defendants said that at the time of the fight decedent told his wife to shoot (a contention which they obviously were aware of). But it is surely a basic right of a party to a lawsuit, and particularly a defendant in a criminal case, to present his defense and his version (within the rules of evidence) as to what happened at the critical time. As one defendant's attorney said, "This is the defendant's moment, a lot rides on it. He is an inarticulate person with limited education." We think that the defendants, on trial for murder, were so sharply restricted about these conversations that the defendants did not have a full and fair opportunity to present their version of what happened at the time of the killing. The repeated erroneous rulings excluding the conversations probably interfered with defendants' opportunity to tell their side of the story in a natural and coherent way. Instead, they were repeatedly hampered from doing so by the court's strict rulings excluding the evidence of each defendant trying to tell what was said as part of the whole story. Concur — Sandler, Silverman and Lynch, JJ.

Kupferman, J. P., dissents in a memorandum as follows: The defendants contend that they came to the apartment of the deceased at midnight in order to buy narcotics; that there was an agrument over the purchase price, which resulted in an altercation, and the deceased's wife fired a rifle at one of the defendants and, instead, hit her husband. She then fled the apartment and the defendants took a rifle, which they found in the apartment, with them when they also fled, theorizing that someone might try to kill them and that they would need protection. They also took a jacket to cover the rifle. They were running on the street when they saw the wife talking to strangers who turned out to be police. The police testimony was to the effect that they were not fleeing the neighborhood but were pursuing the wife of their victim, because they were not running away, as they claimed, but rather after the wife. The proof was sufficient beyond a reasonable doubt for the jury to find the defendants guilty. The majority would reverse only on the basis that testimony was excluded as hearsay which was not designed to prove the truth of the statements, and, therefore, was not hearsay. The majority analysis is inconsistent. There was clearly enough in the record presented to show what the

contention of the defendants was and their version of what happened was presented to the jury. If the exact language used by the parties at the critical time should have been permitted in evidence, then it can only have been for the purpose of showing the truth of the statements. The defendants contend it was error to bar them from testifying concerning the statements of the deceased when he admitted them to his apartment. They argue that the evidence was admissible to show the defendants' state of mind and to explain their acts and those of the deceased and his wife. The People contend that the defendants' state of mind is irrelevant because there was no contention of self-defense or extreme emotional distress, but, rather, that it was the wife who, by accident, shot her husband. Technically, the statements excluded were hearsay as to the deceased and his wife, and the majority opinion substantiates the fact that the declarations were unneeded as declaratory of the circumstances and, therefore, must have been offered for their truth. (See *People v McCullough,* 73 AD2d 310, 313, app dsmd 50 NY2d 1003.)