■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK C. MERTENS, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered September 23, 1982, upon a verdict convicting defendant of the crime of sodomy in the first degree. Defendant was convicted after a jury trial of first degree sodomy based upon an incident wherein he was found to have sodomized a 10-year-old boy who had been entrusted to his care. Included in the evidence on behalf of the People were oral and written incriminating statements given by defendant to the police. On this appeal, defendant argues (1) that the trial court erred in denying the motion to suppress the statements, (2) that he was deprived of a fair trial by the prosecutor's violation of the trial court's *Sandoval* ruling, (3) that his testimony was improperly curtailed, and (4) that he was deprived of a fair trial by the court's refusal to adjourn the trial until two of his witnesses could appear. Based on a statement given by the victim, two police officers went to defendant's home, identified themselves as police officers, and asked him to accompany them to the police station. Defendant agreed to do so. The police officers testified that defendant was advised of his *Miranda* rights, although defendant denied this. After initially denying involvement in the incident, defendant gave an oral and written confession. He now claims that he was placed under arrest at his home and that such arrest was unsupported by probable cause. However, the record of the suppression hearing does not support defendant's contention that he was placed in custody. He was asked to voluntarily accompany the police officers to the station and he agreed. He was not restrained or physically put into the police car. We conclude that "a reasonable man, innocent of any wrongdoing" in defendant's position would not have thought that he was in custody (see *Matter of Kwok T.*, 43 NY2d 213, 220; *People v Yukl*, 25 NY2d 585, 589, cert den 400 US 851). Thus, the questioning of defendant was investigatory, not custodial, and the motion to suppress was properly denied (see *People v Yanus*,

92 AD2d 674; *People v Ellis,* 83 AD2d 652). After a *Sandoval* hearing, the trial court ruled that the People could inquire into the underlying facts which formed the basis for a youthful offender adjudication. At trial during cross-examination, the prosecutor inquired as to the underlying facts immediately after he had asked whether defendant had stated on a job application that he had not been convicted of a crime, thereby giving the impression that defendant had been convicted of a crime as a result of the youthful offender incident. Since no objection was made at trial, this issue has not been preserved for review and the issue does not warrant our consideration in the interest of justice. Defendant also argues that the prosecutor improperly cross-examined him regarding a crime which was not raised on the *Sandoval* motion. The prosecutor questioned defendant regarding a prior conviction for operating a motor vehicle with a police radio. Since this conviction was not raised by the prosecution during the *Sandoval* hearing, it was improperly raised during cross-examination. However, we conclude that, because of the trial court's prompt curative instruction, defendant was not denied a fair trial. Additionally, defendant contends that the trial court improperly prevented him from testifying to threats, misrepresentations and promises which allegedly induced his confession. Such statements would not be hearsay since they would be offered, not for their truth, but for the fact that they were uttered (Richardson, Evidence [10th ed], § 200, p 176; see *People v Davis,* 86 AD2d 542, affd 58 NY2d 1102). In support of his contention, defendant points to several instances where the trial court sustained the prosecutor's objections based on hearsay. However, a review of defendant's testimony in its entirety reveals that, regardless of the fact that several objections were sustained, the alleged threats, misrepresentations and promises which defendant sought to put before the jury were testified to and accepted into evidence. Thus, defendant's contention is without merit. Finally, defendant argues that he was deprived of a fair trial by the trial court's refusal to grant an adjournment so that two character witnesses could testify. A motion for an adjournment rests in the sound discretion of the court (*People v QQ,* 51 AD2d 625; *People v Vincent,* 34 AD2d 705, affd 27 NY2d 964). Since defendant had already produced one character witness, the testimony of the two additional witnesses would merely have been cumulative. Defendant's reliance on *People v Foy* (32 NY2d 473) is misplaced since that case involved crucial alibi witnesses. We conclude that the trial court did not abuse its discretion in denying the request for an adjournment. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.