■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GIBSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), entered June 25, 1985, convicting him of burglary in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant maintains that he was denied due process by the trial court's denial of his motion for a two-week adjournment. The basis of this request was twofold: (1) the defendant's attorney's wife was scheduled to undergo a Caesarean section more than one week in the future, and (2) the defendant desired to call his parents, who were allegedly in Louisiana, as character witnesses. These arguments are wholly without merit.

The entire case was tried without a jury on Thursday, May 30, 1985, well before the scheduled Caesarean section. No requests for a continuance to bring in the defendant's parents was made during the trial. At the trial, the defendant readily admitted to facts constituting the crime of burglary in the second degree. Moreover, his counsel argued that he was guilty of this charge but innocent of robbery and other charges. The defendant was ultimately convicted of burglary in the second degree. Although the case had previously been adjourned a number of times, there is no evidence that the defendant made any effort to bring his parents up from Louisiana. Further, it is manifest that there was no prejudice whatsoever to the defendant as a result of the denial of an adjournment (see, People v Christopher A. QQ, 51 AD2d 625; People v Hayes, 116 AD2d 737). Also, there was no showing of diligence and good faith in attempting to secure these close familial character witnesses (People v Brown, 78 AD2d 861; People v Congilaro, 60 AD2d 442).

Lastly, the defendant's contention that the imposition of the then mandatory surcharge of $75 was unreasonable, is without merit. There is no indication that this surcharge would work an unreasonable hardship upon the defendant or his family (see, CPL 420.35; People v Brown, 105 AD2d 509). Mangano, J. P., Thompson, Niehoff and Spatt, JJ., concur.