■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE VEALE, Appellant.—Levine, J. Appeal from a judgment of the County Court of Sullivan County (Hanofee, J.), rendered June 30, 1989, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged with and convicted of selling 12 vials of cocaine to Gilbert Green, a State Police investigator, on September 23, 1988. Green had been operating undercover for about one month at a local bar in the Village of Monticello, Sullivan County, frequented by defendant before the sale allegedly occurred.

Defendant's primary argument for reversal is that County Court committed prejudicial error in allowing evidence of uncharged crimes to be introduced, consisting of the testimony during cross-examination and rebuttal direct examination of Green as to his observations of defendant selling drugs to various persons on numerous occasions outside the bar. In our view, however, the introduction of evidence of uncharged drug sales by defendant was completely justified as responses to the defense strategy and tactics. Defendant's theory of defense, as revealed in his counsel's opening statement, cross-examination of Green and his own testimony, was not directly to attack, as a purposeful fabrication, Green's testimony of being sold drugs by defendant. Rather, the defense suggested that Green, because he had been involved in dealings with a number of

different persons at the same bar over a protracted period, was honestly confused or mistaken in identifying defendant as one of the sellers. Not content merely to suggest through cross-examination of Green and argument to the jury that Green had made an honest mistake, the defense additionally adopted a strategem to bolster its theory by exploiting an entry in Green's investigation progress notes in which he described how defendant, on their first encounter, greeted him as "Troop" or "Trooper". Based upon this, defendant claimed that he had immediately seen through Green's undercover disguise, identified him as a State Police officer and told him so and warned his friends at the bar to the same effect. Thus, according to defendant, he would never have sold drugs to Green and Green had to be confused, because he had "made" Green as a policeman and Green knew it. Indeed, defendant testified that, on the date of the alleged sale, he refused Green's request for drugs by telling him that he knew he was a police officer and that his access to cocaine was purely for personal use. Typical of defendant's testimony was the following:

"Q. Did you sell anything?

"A. I sold nothing, absolutely nothing, because I knew he was a policeman. I'm not stupid, or was I born and raised that stupid. * * *

"I explained that to him, all I had was six, they were mines [sic].

"I told that to the officer when he approached me. So I don't know how he got so confused as to think I sold him bottles when he knows [sic] I knew he's police."

Given this "novel and unexpected explanation" (People v Schwartzman, 24 NY2d 241, 250, cert denied 396 US 846) of why Green had to have been "so confused" in identifying defendant as a seller, it seems clear that the People were fully justified in putting in probative evidence that defendant had not identified Green as an undercover officer, as demonstrated by defendant's repeated open sales of drugs to others directly in Green's presence. It was, thus, the particular strategy of the defense that made the foregoing evidence of uncharged crimes relevant beyond merely demonstrating defendant's drug-selling propensity, and we believe that its probative value to disprove defendant's "novel explanation" far outweighed any possible prejudice (see, People v Alvino, 71 NY2d 233, 245-246; People v Mullen, 152 AD2d 260, 264-265; People v Conklin, 139 AD2d 156, 161, lv denied 72 NY2d 1044).

The foregoing clearly justifies the People's rebuttal testimony from Green. In our view, the defense strategy was already sufficiently evident from defense counsel's opening statement and the initial cross-examination of Green so as to have permitted introduction of evidence of Green's observations of defendant's sales to others on the People's direct case *(see, People v Mullen, supra)*. It was independently justified in the manner in which it came out in the People's direct case, i.e., in Green's response to questions put to him on cross-examination. Defense counsel pursued the above-described strategy by asking no less than eight questions of Green attempting to elicit his concession that defendant acted as though he knew Green was an undercover police officer. It was only after being pressed on the point that Green responded, "He sold drugs in front of me, sir; I had no reason to believe that he thought I was a police officer. He sold drugs in front of me on a continuing basis." In view of the foregoing, County Court properly exercised its discretion in deeming Green's answer responsive and refusing to strike it *(see, People v Vincent, 34 AD2d 705, 706, affd 27 NY2d 964; see also, United States v Esquer-Gamez, 550 F2d 1231, 1234; United States v Ybarra, 430 F2d 1230, 1232-1233, cert denied 400 US 1023)*.

Equally unavailing is defendant's argument that Green's testimony identifying him as the person who sold Green cocaine as alleged in the indictment should have been suppressed because Green had apparently made a prior photographic identification of defendant and the prosecution had failed to serve a timely notice under CPL 710.30. The record amply supports County Court's determination that the use of a photographic identification was purely confirmatory in nature, i.e., " 'to put a name to a face' " *(People v Laurey, 163 AD2d 742, 743)*, and, hence, CPL 710.30 does not apply *(see, supra; see also, People v Tas, 51 NY2d 915)*.

We have reviewed defendant's remaining points, including his claim that the sentence imposed was excessive, and find them also without merit.

Judgment affirmed. Mahoney, P. J., Weiss and Levine, JJ., concur.

Mikoll and Yesawich, Jr., JJ., dissent and vote to reverse in a memorandum by Yesawich, Jr., J. Yesawich, Jr., J. (dissenting). We respectfully dissent. In our view, County Court erroneously allowed testimony of uncharged crimes to reach the jury.

Undercover Police Officer Gilbert Green was the People's

only witness to the alleged September 23, 1988 sale, the only sale with which defendant was charged. At trial, during cross-examination, when defense counsel asked Green whether defendant did anything to cause him to think that defendant suspected he was a State Trooper, Green answered, "He sold drugs in front of me, sir; I had no reason to believe that he thought I was a police officer. He sold drugs in front of me on a continuing basis." Defense counsel's immediate challenge to this answer as nonresponsive and highly prejudicial was inexplicably rejected by County Court.

The People's subsequent inquiries of defendant during cross-examination further compounded the prejudicial impact of introducing this inadmissible evidence. The People asked defendant, "From the first time that you met [Green] until the 23rd did you ever sell any crack to anybody in front of the Pub Bar?" Although objection to this question was rightly sustained, the People continued to press the court to allow the question. Despite the fact that County Court disagreed and again sustained the objection, the People called Green as their rebuttal witness and elicited testimony from him that from August 27, 1988 through September 23, 1988, Green saw defendant selling drugs on a regular basis in front of the Pub Bar. Unaccountably, defendant's objection was not sustained.

Because intent can be readily inferred from most drug sales, evidence of prior uncharged drug transactions is rarely admissible (*People v Alvino*, 71 NY2d 233, 246; *see, People v Mullen*, 152 AD2d 260, 265). In *People v Alvino (supra*, at 245), the Court of Appeals developed an exception to this principle: once a defendant affirmatively asserts that he is innocent of, in this instance, the drug sale with which he is charged, and goes on to add that he never sold drugs to anyone in the past, the People are then entitled to rebut that testimony with evidence of prior uncharged crimes (*supra*, at 247). Here, however, unlike the situation in *Alvino*, defendant never denied that he had sold cocaine in the past but confined his denial to the day of the Green transaction. Because the People's evidence of defendant's prior uncharged drug sales neither contradicted nor disproved his claim that he was innocent of selling to Green on September 23, 1988, it served no purpose other than the improper one of persuading the jury that defendant was predisposed to sell drugs (*see, People v Crandall*, 67 NY2d 111, 118-119). Furthermore, contrary to the view expressed by the majority, we do not consider defendant's defense of mistaken identity either novel and unexpected or the modus operandi employed so unique as to justify

the admission of evidence of prior sales *(see generally, People v Robinson,* 68 NY2d 541, 548). Inasmuch as the People impermissibly introduced prejudicial evidence of limited probative value regarding past uncharged crimes, defendant's conviction should be reversed *(see, supra; People v Negron,* 136 AD2d 523, 526) and a new trial ordered.