■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEBBIE GILLIS, Appellant. [623 NYS2d 608] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered December 18, 1992, convicting her of criminal possession of marihuana in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

At trial, it was established that the defendant arrived at John F. Kennedy International Airport on a flight from Guyana carrying two suitcases containing various items of clothing that had packages of marihuana sewn into the garment linings. The defendant sought to establish that the suitcases did not actually belong to her, but that she was bringing them into the country for someone else and had no idea that she was carrying drugs.

The defendant's contention that she was deprived of a fair trial because she was prevented from testifying about her conversation with the woman who gave her the suitcases is unavailing. Although the defendant maintains that the purpose of relating this conversation was to establish her state of mind (see, People v Davis, 86 AD2d 542, 543, affd 58 NY2d 1102), the record indicates that the defendant was seeking to testify that she had been asked to take the suitcases as a favor for a friend of her sister, which explanation she was able to convey without repeating the actual conversation. As for the defendant's claim that she was improperly precluded from explaining why she was nervous when her bags were being searched, we note that the issue is unpreserved for appellate review (see, CPL 470.50 [2]), and in any event, is without merit. Nor do we find that the prosecutor's remarks challenging the defendant's testimony exceeded the bounds of fair comment on the evidence (see, People v Ashwal, 39 NY2d 105, 109; People v Blackstock, 184 AD2d 775, 776).

We also reject the defendant's contention that the trial court should have conducted an inquiry of the jurors. Although defense counsel claimed to have noticed three of the jurors audibly and visibly expressing disbelief during a portion of the defendant's testimony (see, People v Cargill, 70 NY2d 687, 688; People v Buford, 69 NY2d 290, 298), we note that there was no mention of this alleged incident when it occurred, and when defense counsel moved for a mistrial the following day, the court maintained it was unaware of any such occurrence. Under the circumstances, the trial court, which had the benefit of its own observations, properly con-

cluded that there was no need to conduct an inquiry *(see, People v McIntyre,* 193 AD2d 626).

Finally, the defendant's request for an expanded charge with regard to the meaning of knowing possession was properly denied. Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.