■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAMAL GAJADHAR, Appellant. [724 NYS2d 2] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered December 18, 1998, convicting defendant, after a jury trial, of robbery in the first degree, attempted rape in the first degree, burglary in the first degree (two counts) and sexual abuse in the first degree (two counts), and sentencing him, as a violent felony offender, to three terms of 10 to 20 years, a term of 6 to 12 years, and two terms of 3 to 6 years, all to run concurrently, unanimously affirmed.

The court properly exercised its discretion in declining to conduct an inquiry when, during jury deliberations, and after the alternates had been dismissed, defense counsel apprised the court of a conversation with a released alternate who had reported that during the trial a sitting juror had been having trouble understanding the proceedings and had been aided by other jurors. The court relied on its own observations and the parties' voir dire to determine that the juror fully understood the trial testimony and did not have a language problem. The court, noting that defense counsel's complaints were based on the hearsay statements of a panelist who was no longer a part of the trial when the statements were made, declined to conduct an inquiry into the sitting juror's conduct. We find no indicia of juror "misconduct" (see, People v Clark, 81 NY2d 913, 914) or of prejudice to the defense (see, People v Irizarry, 83 NY2d 557, 561) to require an inquiry. There was no claim made that the subject juror had improperly discussed the facts of the case or come to any conclusion as to defendant's guilt (compare, People v McClenton, 213 AD2d 1, 4-5, appeal dismissed 88 NY2d 872). The court had a full opportunity to observe the sitting juror and was unaware of anything that might have lent credence to defense counsel's claims (see, People v Gillis, 213 AD2d 422, lv denied 85 NY2d 973). Concur—Mazzarelli, J. P., Andrias, Wallach, Lerner and Rubin, JJ. [As amended by unpublished order entered Apr. 26, 2001.]