■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CHRISTOPHER RODRIGUEZ, Appellant. [851 NYS2d 208]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered April 27, 2005, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him to a term of seven years, unanimously affirmed.

The verdict was not against the weight of the evidence (see People v Bleakley, 69 NY2d 490 [1987]). On the contrary, there was overwhelming evidence of defendant's guilt, consisting of the victim's reliable testimony and extensive circumstantial evidence.

The court properly precluded defendant from introducing an alleged prior inconsistent statement by the victim about how the burglar may have entered her apartment, because by failing to confront the victim with the statement and ask her whether she made it, defendant failed to lay a proper foundation (see People v Wise, 46 NY2d 321, 326 [1978]). To the extent that defendant is raising a constitutional right to introduce this evidence, such claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits (see Crane v Kentucky, 476 US 683, 689-690 [1986]; Delaware v Van Arsdall, 475 US 673, 678-679 [1986]).

To the extent that defendant's ineffective assistance of counsel claims involve counsel's choice of defense theories, those claims are unreviewable on direct appeal because they involve matters outside the record (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]). Counsel provided effective assistance at both trial and sentencing, and defendant's claims to the contrary are without merit. To the extent that defendant claims his counsel should have questioned the victim about the alleged inconsistency concerning the burglar's possible means of entry, we find that counsel's failure to do so did not cause any prejudice, because the alleged inconsistency was insignificant, because counsel was still able to place it before the jury in an indirect manner, and because his overall impeachment of the victim's testimony was effective. We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we

decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Lippman, P.J., Andrias, Nardelli, Buckley and Acosta, JJ.