THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. SCHLOSSER, Appellant. [895 NYS2d 869]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered July 3, 2007, convicting him of insurance fraud in the third degree and falsifying business records in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of insurance fraud in the third degree and two counts of falsifying business records in the first degree. On appeal, the defendant argues that the County Court committed reversible error when it refused to make a further inquiry into the jury foreperson's allegation of juror misconduct.

"Generally, absent a showing of prejudice to a substantial right, proof of juror misconduct does not entitle a defendant to a new trial, since not every misstep by a juror rises to the inherently prejudicial level at which reversal is automatically required" (*People v Rivera*, 304 AD2d 841, 841 [2003]; *see People v Irizarry*, 83 NY2d 557, 561 [1994]).

Here, the jury foreperson told the County Court that he was concerned about jurors talking "at the same time," and called it a "jury misconduct issue." The County Court stated that it would be inappropriate to discuss the manner of jury deliberations with the foreperson. The next day defense counsel requested an inquiry into the matter, and the County Court denied the request. The County Court stated that it had reviewed the transcript and saw no reason to deviate from its prior determination. The County Court also noted that the jury had been advised that it was to communicate with the court in writing.

As the People correctly argue, there was no indication of juror misconduct, deprivation of a substantial right of the defendant, or that the defendant was deprived of an impartial jury. At most, the foreperson's concern appears to be an example of a "spirited dispute," or a "manifestation of the heightened atmosphere in which the jury's decision-making process takes place" (*People v Sampson*, 201 AD2d 314 [1994] [citation and internal quotation marks omitted]).

Therefore, the County Court properly exercised its discretion in denying the defendant's request to further inquire into the matter (*see People v Wright*, 35 AD3d 172 [2006]; *People v Gajadhar*, 281 AD2d 223 [2001]). Dillon, J.P., Florio, Miller and Austin, JJ., concur.