■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY SMITH, Appellant. [902 NYS2d 416]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered June 3, 2008, convicting him of murder in the second degree and aggravated criminal contempt, after a nonjury trial, and imposing sentence.

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered May 12, 2008, convicting her of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of criminal possession of a controlled substance in the third degree to criminal possession of a controlled substance in the seventh degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally insufficient to establish beyond a reasonable doubt that the defendant possessed a controlled substance with the intent to sell it (*see* Penal Law § 220.16 [1]; *People v Sanchez*, 86 NY2d 27, 35 [1995]; *People v McCoy*, 59 AD3d 856 [2009]). Here, the defendant's possession of a modest quantity of drugs, "not packaged for sale and unaccompanied by any other sales-like conduct," is insufficient to raise an inference of an intent to sell (*People v Sanchez*, 86 NY2d at 35).

Nonetheless, the evidence demonstrates, beyond a reasonable doubt, that the defendant knowingly and unlawfully possessed heroin to support a conviction for the lesser-included offense of criminal possession of a controlled substance in the seventh degree (*see* Penal Law § 220.03). Accordingly, we modify the judgment by reducing the conviction from criminal possession of a controlled substance in the third degree to criminal possession of a controlled substance in the seventh degree (*see* CPL 470.15 [2] [a]), a lesser-included offense that was submitted to the jury for consideration. However, we need not remit the matter to the Supreme Court, Kings County, for resentencing since the defendant already has served the maximum term of imprisonment that could have been imposed upon a conviction for criminal possession of a controlled substance in the seventh degree (*see* Penal Law § 70.15 [1]; § 220.03; *People v Nunez*, 127 AD2d 801 [1987]).

The defendant's contention regarding the denial of her challenges for cause to certain prospective jurors is without merit, as the prospective jurors stated in unequivocal terms that they could set aside any bias and render an impartial verdict (*see*

*People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Atkinson*, 43 AD3d 948 [2007]; *People v Johnson*, 40 AD3d 1011 [2007]; *People v Hinspeter*, 12 AD3d 617, 618 [2004]).

Contrary to the defendant's contention, the defendant was not deprived of an impartial jury based on a reference made by a prospective juror during voir dire in the presence of other prospective jurors (*see* US Const Amend VI; *see generally People v Schlosser*, 71 AD3d 922 [2010]). Mastro, J.P., Florio, Belen and Roman, JJ., concur.