THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD M. DOVE, Appellant. [931 NYS2d 921]—

Malone Jr., J.

Defendant was charged by indictment with burglary in the first degree and assault in the third degree based upon allegations that he unlawfully entered the apartment of a female acquaintance and physically assaulted her. Following a jury trial, he was found guilty as charged. Defendant thereafter unsuccessfully moved pursuant to CPL 330.30 to set aside the verdict and was sentenced as a persistent violent felony offender to an aggregate prison term of 20 years to life. Defendant appeals.

Defendant's sole contention on appeal is that the conviction of burglary in the first degree is against the weight of the evidence. We disagree. As is relevant here, a person is guilty of burglary in the first degree when he or she "knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling . . . he [or she] . . . [c]auses physical injury to any person who is not a participant in the crime" (Penal Law § 140.30 [2]). Here, the victim testified at trial that, on the day of the incident, defendant repeatedly called her and requested that she meet him, which she refused to do. Later that evening, the victim

called 911 when she saw defendant standing outside her apartment building. According to the victim, she was on the phone with the 911 operator when defendant suddenly emerged from her front bedroom and attacked her, causing her physical injury. The recording of the 911 call made by the victim was played at trial and provided corroboration of the victim's testimony. Although no evidence of forced entry into the apartment was found, testimony of the victim's neighbor established that it was possible to climb up the front porch of the victim's building onto the second floor balcony and, from there, enter the front bedrooms through a balcony door or window. The victim testified that the door on her balcony was not locked on the day of the incident. From all of this evidence, the jury could conclude that defendant entered the victim's apartment without her permission and physically assaulted her therein. Accordingly, while a different verdict would not have been unreasonable, viewing the foregoing evidence in a neutral light and according deference to the jury's credibility assessments, we find that the verdict convicting defendant of burglary in the first degree is supported by the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Johnson*, 20 AD3d 808, 810-811 [2005], *lv denied* 5 NY3d 853 [2005]).

Rose, J.P., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed.