Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  January 5, 2017                    107271
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
        v                                    MEMORANDUM AND ORDER

GARY BOTTOMLEY,
                        Appellant.
_____

Calendar Date:  November 17, 2016

Before:  Peters, P.J., Garry, Devine, Mulvey and Aarons, JJ.

_____

        Paul J. Connolly, Delmar, for appellant.

        Robert M. Carney, District Attorney, Schenectady (Tracey A.
Brunecz of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the Supreme Court (Milano, J.),
rendered November 14, 2014 in Schenectady County, upon a verdict
convicting defendant of the crimes of sexual abuse in the first
degree, criminal sexual act in the second degree, sexual abuse in
the second degree, rape in the second degree and endangering the
welfare of a child.

        In August 2013, authorities learned of allegations that
defendant (born in 1970) had sexually abused the victim (born in
1999).  State Police Investigator Steven Koveleskie first
interviewed the victim, her mother and her sister, learning more
about the allegations and retrieving pertinent text messages from
the victim's cellular phone.  Koveleskie then conducted recorded
interviews with defendant at his residence as well as at State

Police barracks, and inculpatory oral and written statements were the result.

Defendant was subsequently charged in an indictment with offenses occurring from June 2012 to May 2013, when the victim was 12 or 13 years of age. His effort to suppress the oral and written statements he made to Koveleskie was unsuccessful. Supreme Court then, in response to competing applications by the People and defendant, precluded defendant from offering at trial evidence of the victim's prior sexual conduct (see CPL 60.42). Following a jury trial, defendant was convicted of sexual abuse in the first degree, criminal sexual act in the second degree, sexual abuse in the second degree, rape in the second degree and endangering the welfare of a child. Supreme Court imposed an aggregate prison sentence of 13½ years to be followed by postrelease supervision of 10 years, and defendant now appeals.

Defendant focuses his attention upon several evidentiary rulings by Supreme Court and, at the outset, asserts that his application for a mistrial should have been granted due to the belated disclosure of evidence by the People. In that regard, Koveleskie testified at the suppression hearing that he arrived at defendant's residence around 4:00 p.m. or 4:30 p.m., and he recorded about 50 minutes of their interactions there. However, defendant and Koveleskie did not arrive at State Police barracks until after 6:30 p.m., seemingly leaving an undocumented hour or more in which the two men were alone. Defense counsel, over the People's objection, pointed out this gap in his opening statement at trial. Then, prior to the commencement of testimony, the People produced proof that no gap existed in the form of a State Police radio log sheet showing that Koveleskie arrived at defendant's residence at 5:44 p.m.

Defendant now endeavors to argue that the radio log was Rosario material but, inasmuch as trial counsel did not move for a mistrial on that ground and conceded that the radio log was "not Rosario," that issue is not preserved for our review (see People v Rizzo, 142 AD3d 1187, 1188 [2016]; People v Hentley, 155 AD2d 392, 393-394 [1989], lv denied 75 NY2d 919 [1990]). In any event, the People promptly disclosed the radio log after learning of its existence, the reference to the time gap in defendant's

opening statement was brief and defense counsel had the opportunity to cross-examine Koveleskie regarding the inaccuracies in his suppression hearing testimony revealed by the radio log. Supreme Court further invited defendant to request an ameliorative instruction to the jury or other corrective action. Under these circumstances, defendant did not demonstrate prejudice substantial enough to warrant a mistrial (see CPL 280.10 [1]; People v Watson, 281 AD2d 691, 695-696 [2001], lv denied 96 NY2d 925 [2001]; People v Benito, 256 AD2d 221, 221 [1998], lv denied 93 NY2d 850 [1999], cert denied 528 US 810 [1999]).

Defendant next contends that Supreme Court erred in precluding the use of evidence of the victim's prior sexual history. CPL 60.42 prohibits the introduction of such evidence unless one or more statutory exemptions apply, including, as is relevant here, where it "is determined by the court . . . to be relevant and admissible in the interests of justice" (CPL 60.42 [5]; see People v Scott, 16 NY3d 589, 594 [2011]; People v Simonetta, 94 AD3d 1242, 1245 [2012], lv denied 19 NY3d 1029 [2012]). Defendant sought to introduce proof that the victim had been in a sexual relationship with a 20-year-old man, arguing that his vocal opposition to the relationship motivated the victim to falsely accuse defendant of abuse. Supreme Court permitted defendant to attack the victim's credibility with proof that she had dated an adult against defendant's wishes, however, and only barred defendant from directly referencing her sexual activity. Defendant accordingly had "ample opportunity to develop evidence to support his contention that" the victim had a motive "to accuse him falsely of the charged crimes," and Supreme Court did not abuse its discretion by precluding proof of the victim's sex life (People v Russillo, 27 AD3d 493, 493 [2006]; see People v Weberman, 134 AD3d 862, 863 [2015], lv denied 27 NY3d 1156 [2016]; People v Simmons, 106 AD3d 1115, 1116 [2013], lv denied 22 NY3d 1043 [2013]).

Defendant goes on to argue that Supreme Court erred in preventing him from testifying as to the exact words that he claimed were used by Koveleskie to induce him to confess. Supreme Court incorrectly found that the statements were hearsay despite having been "offered, not for their truth, but for the

fact that they were uttered" (People v Mertens, 97 AD2d 595, 596 [1983]; see People v Guy, 93 AD3d 877, 880 [2012], lv denied 19 NY3d 961 [2012]). Defendant was nevertheless permitted to testify as to the substance of "the alleged threats, misrepresentations and promises" made by Koveleskie and, as such, any error in excluding the precise wording of those inducements was harmless (People v Mertens, 97 AD2d at 596; see People v Rodriguez, 110 AD3d 456, 458 [2013], lv denied 23 NY3d 1066 [2014]; People v Saxton, 75 AD3d 755, 759 [2010], lv denied 15 NY3d 924 [2010]).

Defendant next takes issue with Supreme Court's refusal to admit into evidence several letters purportedly authored by the victim, and, contrary to his present contention, those letters were offered for the truth of the assertions contained therein and were hearsay (see People v Meadow, 140 AD3d 1596, 1598-1600 [2016], lv denied 28 NY3d 933 [2016]). Defendant intended to impeach the victim's testimony with prior inconsistent statements in the letters, and, to lay the foundation for their use, defense counsel "must first inform the witness of the circumstances surrounding the making of the statement, and inquire of him [or her] whether he [or she] in fact made it" (People v Wise, 46 NY2d 321, 326 [1978]; see People v Maxam, 135 AD3d 1160, 1161 [2016], lv denied 27 NY3d 1135 [2016]). The foundation was not laid, with defense counsel expressly declining to question the victim about the letters and instead attempting to introduce them through the testimony of her mother (see People v Brabham, 126 AD3d 1040, 1043 [2015], lvs denied 25 NY3d 1160, 1171 [2015]; People v Rodriguez, 48 AD3d 312, 312 [2008], lv denied 10 NY3d 939 [2008]). Therefore, Supreme Court was right to refuse to admit the letters into evidence.

Lastly, after considering the nature of the crimes for which defendant was convicted, we discern neither an abuse of discretion nor extraordinary circumstances that would warrant a reduction of the sentence in the interest of justice (see People v Jabaut, 111 AD3d 1140, 1148 [2013], lv denied 22 NY3d 1139 [2014]).

Peters, P.J., Garry, Mulvey and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.



ENTER:

Robert D. Mayberger
Clerk of the Court