People v Nevins (2018 NY Slip Op 03570)





People v Nevins


2018 NY Slip Op 03570


Decided on May 17, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 17, 2018

108877

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
NATHAN NEVINS, Appellant.

Calendar Date: April 3, 2018

Before: Lynch, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered September 7, 2016, convicting defendant upon his plea of guilty of the crimes of burglary in the second degree (three counts), burglary in the third degree (three counts), criminal mischief in the second degree, criminal mischief in the third degree, criminal mischief in the fourth degree, assault in the second degree, criminal possession of a weapon in the second degree and criminal possession of a firearm (two counts).
On March 18, 2016, defendant unlawfully entered an unlocked office building, wherein he caused property damage to several businesses and, among other things, stole two loaded pistols. Defendant fired one round from one of the pistols and pointed a pistol in the direction of the building owner's son when
confronted by him. Following a police chase, defendant was ultimately apprehended and charged with various crimes in a 13-count indictment. Defendant thereafter agreed to plead guilty to all 13 counts in exchange for, among other things, an aggregate prison sentence ranging from 6 up to 11 years. Consistent with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to an aggregate prison term of 11 years, to be followed by five years of postrelease supervision.
Defendant's sole claim on appeal is that his sentence is harsh and excessive given, among other things, his young age and substance abuse at the time that he committed the underlying crimes. Based upon the facts presented, we disagree. Defendant is a second felony offender, and the underlying charges reveal that he unlawfully entered several businesses, wherein he caused significant property damage and stole two loaded firearms, one of which he [*2]displayed to another individual and, at some point, fired in the direction of other occupied buildings. The record also indicates that, while incarcerated prior to sentencing, defendant had received 64 disciplinary reports and had made a threatening violent remark about the prosecutor. In view of defendant's recidivism and the violent nature of his actions, and given that defendant agreed to the sentence as part of the plea agreement, we find no extraordinary circumstances or abuse of discretion warranting a reduction of the sentence in the interest of justice (see People v Zaorski, 158 AD3d 853, 854 [2018]; People v Thompson, 157 AD3d 1141, 1142 [2018]; People v Brabham, 126 AD3d 1040, 1044 [2015], lvs denied 25 NY3d 1160, 1171 [2015]).
Lynch, J.P., Mulvey, Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.